UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80082-CIV-MARRA

UNITED STATES OF AMERICA,     )
                              )
                   Plaintiff, )
vs.                           )
                              )
                              )
MICHAEL AUGUSTUS,             )
                              )
                   Defendant. )
_____ )

## ORDER AND OPINION GRANTING SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion For Summary Judgment [DE

7]. Despite ample notice,[1] no response to the motion has been filed. As such, this case is ripe for

adjudication. The Court has carefully considered the record, applicable law, and is otherwise

fully advised in the premises.

### Background and Undisputed Facts

On October 12, 1999, Defendant Michael Augustus executed an Application/Promissory

Note to secure a Direct Consolidation loan from the U.S. Department of Education [DE 7-2].

This loan was made by the U.S. Department of Education under the William D. Ford Federal

Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended,

---

[1] *See* Second Amended Notice of Summary Judgment entered on August 30, 2012, in accordance with *Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1988). This Notice directed Defendant to file any opposing papers with the Court by October 1, 2012. It further advised that if Defendant failed to submit the necessary papers, pursuant to Local Rule 56.1(b), the Court would accept as true all material facts set forth in the motion provided that the Court finds that the movant's statement is supported by evidence in the record.

1

20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). This consolidation loan was disbursed for $37,795.08 and $17,056.08 on November 29, 1999, at 8.13 percent interest per annum.  *See* DE 7-3.

Plaintiff demanded payment, and Defendant defaulted on this consolidation loan on November 25, 2006. *Id.* Pursuant to 34 C.F.R. §685.202(b), upon this default, unpaid interest of $20,024.44 was capitalized and added to the principal balance. *Id.*

Payments from all sources in the amount of $9,052.19 was credited to the balance by the U.S. Department of Education. *Id.*

On May 13, 2011, the U.S. Department of Justice wrote to Defendant seeking payment of $97,578.64 to avoid legal action against him [DE 7-4]. When no payment was received, this action was commenced.

Defendant served an answer denying the substantive allegations of the complaint and demanding strict proof thereof [DE 5], but failed to respond to discovery demands propounded by Plaintiff requesting that Defendant provide proof supporting the denials in his answer [DE 6, 7-6].

The Certificate of Indebtedness submitted by the Government in support of its motion [DE 7-3] indicates that after application of all payments, the balance owed by Defendant as of April 18, 2011 is $97,578.63 ($74,875.60 in principal and $22,703.04 in interest), with interest continuing to accrue from that date at a rate of $16.67 per day.

The Government's motion seeks recovery of $74,875.60 in principal and $29,850.01 in interest as of June 20, 2012, plus interest at the rate of 8.13% per annum on the unpaid principal to the date of a judgment, $35.00 in process service fee, and reasonable attorney's fees. Although

the complaint seeks $500 in attorney's fees [DE 1,2], no supporting documentation is included with the summary judgment motion in support of the attorney's fees requested in the complaint.

## Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

The Court is required to consider the merits of the motion despite a lack of response by Defendant, *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008), and must ensure the motion itself is supported by evidentiary materials. *See United States v. One Piece of Real Property Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In the instant matter, summary judgment against the student borrower is appropriate as the undisputed factual evidence supports the allegations set forth in the Complaint.

## Discussion

The record evidence demonstrates that there is no genuine issue of material fact in dispute. The Defendant's Answer [DE 5] does not defeat the Plaintiff's Motion for Summary

Judgment.  It raises no defenses and presents no specific facts showing the principal balance or interest rate sought by Plaintiff is incorrect. Absent any legal defenses and legitimate factual disputes, Plaintiff is entitled to judgment as a matter of law for $74,875.60 of unpaid principal, and $22,703.04 of unpaid interest as of April 18, 2011, plus interest at the rate of 8.13% per annum on the unpaid principal to the date of the judgment.  Plaintiff also seeks reimbursement of $35.00 for service of summons and for its attorney's fees.

<u>**Conclusion**</u>

In accordance with the conclusions made above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Summary Judgment **[DE 7]** is **GRANTED**.  In accordance with Fed. R. Civ. P. 58, final judgment will be entered  by separate order.  Any pending motions are **DENIED** as **MOOT**.  The Clerk shall **CLOSE** this case.  The Court reserves jurisdiction to consider a motion by Plaintiff for its attorney's fees, if filed pursuant to Local Rule 7.3.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of October, 2012.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

4